UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCOTT MOREHOUSE,

                Plaintiff,

v.

MARTIN VASQUES; R. GRIENER;
ERIC MONROE; ROBERT REID,

                Defendants.

17-CV-4836 (KMK)

OPINION & ORDER

Appearances:

Scott Morehouse
Fishkill, NY
*Pro Se Plaintiff*

Adam Joseph Sansolo, Esq.
New York State Office of the Attorney General
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

     Pro se Plaintiff Scott Morehouse ("Plaintiff"), currently incarcerated at Downstate Correctional Facility, brings this Action, pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), against Martin Vasques ("Vasques"), R. Griener ("Griener"), Eric Monroe ("Monroe"), and Robert Reid ("Reid") (collectively, "Defendants"), all Security Hospital Treatment Assistants at Mid-Hudson Forensic Psychiatric Center. (*See* Compl. (Dkt. No. 2).) Plaintiff claims that Defendants violated his rights under the Eighth and Fourteenth Amendments and the ADA when they assaulted him and failed to intervene in or treat him after these assaults. (*Id.* at 2, 5–6.)

Before the Court is Defendants' Motion to Revoke Plaintiff's in forma pauperis ("IFP") status and Dismiss the case   (Not. of Mot. to Dismiss ("Mot. To Revoke IFP") (Dkt. No. 26).)[1]  For the following reasons, Defendants' Motion is denied.

## I.  Background

### A.  Factual Background

The following facts are drawn from Plaintiff's Complaint, and are taken as true for the purpose of resolving the instant Motion.  On May 7, 2016, at Mid-Hudson Forensic Psychiatric Center, Plaintiff was assaulted by Vasques, Griener, and Monroe, while Reid watched and did nothing to stop the assault or properly report it.  (Compl. 5.)  Specifically, Vasques punched Plaintiff in the face several times, causing a nose bleed, an eye bruise, and severe pain and swelling.  (*Id.*)  He also spit in Plaintiff's face.  (*Id.*)  Griener punched Plaintiff in the body, causing pain and bruising, and Monroe also punched Plaintiff in the head, face, body and groin areas, also causing pain, bruising, and swelling to those areas.  (*Id.*)  During this altercation, Plaintiff was in "wrist-to-belt" restraints and strapped to a gurney, unable to defend himself or pose a danger to himself or others.  (*Id.*)  Reid watched the entire assault and did nothing to stop it, nor did he render medical aid for Plaintiff's injuries.  (*Id.*)  The entire incident took place on the elevator, out of view of the security cameras.  (*Id.* at 6.)

On May 17, 2016, Vasques assaulted Plaintiff again by biting Plaintiff on his left hand, causing bleeding, swelling, and severe pain and scarring.  (*Id.*)  This injury was not treated by medical staff, who only looked at the injury and said "oh well."  (*Id.*)  Plaintiff reported to

---

[1] The instant Motion was brought on behalf of all Defendants except Vasques, who is not currently represented by the New York Attorney General's Office.  (Mot. to Revoke IFP.)  However, the Court grants Defendants' request to extend Vasques' time to respond to the Complaint until 30 days after this Motion is decided. (*Id.* at 1 n.1.)

facility officials "that there was an ongoing problem with Vasques on several occasions," but officials did nothing to prevent this assault or respond to it. (*Id.*) Instead, officials allowed Vasques to be around Plaintiff after he reported that Vasques has threatened and harassed Plaintiff several times. (*Id.*)

B.  Procedural History

Plaintiff filed the Complaint and a request to proceed IFP on June 27, 2017, while incarcerated at Great Meadow Correctional Facility. (Compl.; Dkt. No. 1.) The Court granted plaintiff IFP status on July 20, 2017. (Dkt. No. 6.) On August 3, 2017, the Court issued an Order of Service directing service on Defendants. (Dkt. No. 8.) On September 26, 2017, Defendants filed a pre-motion letter indicating the grounds on which they would move to revoke Plaintiff's IFP status and dismiss the Complaint. (Letter from Adam Sansolo, Esq. to Court (Sept. 26, 2017) (Dkt. No. 20).) The Court set a briefing schedule by memo endorsement on October 10, 2017. (Dkt. No. 23.) The following day, Plaintiff filed a response to the pre-motion letter. (Letter from Plaintiff to Court (Oct. 11, 2017) ("Pl.'s Obj. Letter") (Dkt. No. 25).)

Defendants filed the instant Motion and accompanying papers on November 8, 2017. (Mot. to Revoke IFP; Mem. of Law in Supp of Mot. to Dismiss ("Defs.' Mem.") (Dkt. No. 27)); Decl. of Adam J. Sansolo, Esq. in Supp. of Mot. to Dismiss ("Sansolo Decl.") (Dkt. No. 28).) On April 2, 2018, Defendants informed the Court that they had served Plaintiff with the Motion papers by overnight mail, but received the materials back in the mail marked as refused by recipient. (Letter from Adam Sansolo, Esq. to Court (Apr. 2, 2018) (Dkt. No. 31).) The Court memo endorsed the letter giving Plaintiff an additional 30 days to file an opposition because he was not mailed a copy of the briefing schedule. (Dkt. No. 32.) On April 20, 2018, Plaintiff filed

an opposition to the Motion. (Pl.'s Opp'n to Mot. to Dismiss ("Pl.'s Mem.") (Dkt. No. 34).) Defendants did not file a reply.

## II. Discussion

Because Plaintiff has IFP status, (Dkt. No. 6), he has been able to proceed and make submissions to the Court without the payment of fees. *See* 28 U.S.C. § 1915(a)(1). Defendants now move to revoke Plaintiff's IFP status on the ground that he has amassed at least three "strikes," requiring the revocation of the status under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. (*See* Mot. To Revoke IFP.)

### A. The Three Strikes Rule

The IFP statute was "designed to ensure that indigent litigants have meaningful access to the federal courts" and accordingly, waives the pre-payment of filing fees for qualifying prisoners of limited financial means. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). "However, concerned by the resulting rise of an 'outsize share of [prisoner] filings' and a 'flood of nonmeritorious claims,' Congress enacted the PLRA in 1996 in order to curb abuses of the IFP privilege and ensure 'fewer and better prisoner suits.'" *Jones v. Moorjani*, No. 13-CV-2247, 2013 WL 6569703, at *3 (S.D.N.Y. Dec. 13, 2013) (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)), *adopted by* 2014 WL 351628 (S.D.N.Y. Jan. 31, 2014); *see also Tafari v. Hues*, 473 F.3d 440, 443 (2d Cir. 2007) (explaining that the PLRA was "designed to stem the tide of egregiously meritless lawsuits"). Toward that end, the PLRA contains a "three strikes" provision which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also Coleman v. Tollefson*, 135 S. Ct. 1759, 1762 (2015) ("Among [the] reforms [is] the three strikes rule. . . ." (internal quotation marks omitted)).[2]

There is an exception to the three strikes rule where a prisoner is "under imminent danger of serious physical injury," 28 U.S.C. § 1915(g), and such imminent danger "exist[ed] at the time the complaint [was] filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002); *see also Akassy v. Hardy*, 887 F.3d 91, 96 (2d Cir. 2018) (same). Further, the Second Circuit has held that the complaint "must reveal a nexus between the imminent danger it alleges and the claims it asserts." *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009). Thus, a court must "consider (1) whether the imminent danger of serious physical injury . . . allege[d] is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id.* at 298–99.

B. Plaintiff's IFP Status

Defendants argue that the following cases qualify as "strikes" sufficient to revoke Plaintiff's IFP status, because they dismissed Plaintiff's claims for failure to state a claim upon which relief may be granted: (1) *Morehouse v. Alexander*, No. 08-CV-0946, (N.D.N.Y. Sept. 30, 2008) (Dkt. No. 4) ("Alexander R&R"), *adopted by*, *Morehouse v. Alexander*, No. 08-CV-0946 (N.D.N.Y. Nov. 3, 2008) (Dkt. No. 7) ("Alexander Decision"); (2) *Morehouse v. York*, No. 14-CV-1444 (N.D.N.Y. Feb. 25, 2015) (Dkt. No. 6) ("York I"); and (3) *Morehouse v. York*, No. 15-CV-228 (N.D.N.Y. June 3, 2015) (Dkt. No. 9) ("York II"). (Sansolo Decl. Exs. A–D; Defs.'

---

[2] The three strikes rule applies regardless of the fact that Plaintiff has already been granted IFP status. *See Jones*, 2013 WL 6569703, at *4 n.11 ("[T]he fact that [the plaintiff] has already been granted IFP status does not preclude revocation of that status and conditional dismissal of the action if he cannot subsequently pay the fee."); *Mason v. Nitti-Richmond*, No. 09-CV-7307, 2010 WL 2595108, at *3 (S.D.N.Y. June 25, 2010) (revoking IFP status and conditionally dismissing the complaint because of the three strikes rule).

5

Mem. 2–7.) *See* 28 U.S.C. § 1915(g) (listing dismissals for "fail[ure] to state a claim upon which relief may be granted" as qualifying strikes); *see also Welch v. Galie*, 207 F.3d 130, 132 (2d Cir. 2000) (per curiam) (same).

Plaintiff does not contest the first alleged strike. (*See* Pl.'s Mem. 2 ("As for the *Alexander* case, I am not sure of its status other th[a]n closed.").) Nor could he. The district court in that case dismissed Plaintiff's complaint with prejudice, approving and adopting the R&R—which recommended dismissal for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction—in its entirety. (Alexander Decision 2; R&R (1–2, 21 (citing 28 U.S.C. §§ 1915(a), 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(h)(3)).)[3]

However, Plaintiff does argue that the two *York* cases do not qualify as strikes, because "they were not dismissed;" rather, he withdrew the cases instead of filing an amended complaint. (Pl.'s Mem. 2; *see also* Pl.'s Obj. Letter 1.) In both *York I* and *York II*, Plaintiff's claims were dismissed for failure to state a claim upon which relief may be granted—some with prejudice, and others without prejudice. Specifically, in *York I*, the court dismissed Plaintiff's claim that the defendants did not facilitate or respond to his grievances with prejudice, but dismissed the rest of Plaintiff's claims—under the First Amendment, RLUIPA, and the Fourteenth Amendment—without prejudice. (York I at 12–13; *see also id.* at 5–9, 10–12.) The court gave Plaintiff 30 days to file an amended complaint, ordering the clerk of court to enter judgment

---

[3] Although this argument was not raised by the Parties, the Court notes that caselaw supports the conclusion that a dismissal with prejudice of an entire action, even if it was partly on jurisdictional grounds, constitutes a "strike." *See Chavis v. Curlee*, No. 06-CV-49, 2008 WL 508694, at *4 n.7 (N.D.N.Y. Feb. 21, 2008) (collecting cases for proposition that a dismissal for failure to state a claim and for lack of standing "would still constitute a 'strike'"); *cf. McNair v. Kelly*, No. 13-CV-728, 2013 WL 4574247, at *2 (S.D.N.Y. Aug. 26, 2013) ("[W]here suits are dismissed, in part, on grounds not contemplated by the PLRA and without prejudice, the dismissed action as a whole cannot count as a strike against the plaintiff.").

dismissing the action pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) for failure to state a claim upon which relief may be granted in the event Plaintiff did not file one. (*Id.* at 13.) However, instead of filing an amended complaint, Plaintiff filed a letter stating "I am withdrawing the [§] 1983 civil rights complaint. . . . At this time it appears that the defendants are willing to back off and we are at a comp[ro]mise." *York I*, No. 14-CV-1444 (Dkt. No. 7).[4] The court construed this letter as seeking a voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, and dismissed the case without prejudice. *Id.* (Dkt. No. 8). However, the court noted that "Plaintiff has filed six actions in [the Northern] [D]istrict since November 2014," and this dismissal "shall have no impact upon plaintiff's other pending actions." *Id.* at 2 n.1. Plaintiff did not appeal.

In *York II*, the court dismissed Plaintiff's claims against one defendant without prejudice for failure to plausibly allege personal involvement, and ordered Plaintiff to file a "*Peralta* Waiver" within 30 days or face dismissal of his due process claims without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[5] (York II at 13–14; *see also id.* at 10–11 & n.13.) Plaintiff filed a letter requesting "clarification" of the court's decision, or appointment of counsel, because he did not understand the "*Peralta* waiver" order. *York II*, No. 15-CV-228 (Dkt. No. 6). The Court advised Plaintiff that it "cannot provide [P]laintiff with legal advice" and granted him an extension to comply with the court's decision. *Id.* (Dkt. No. 7). Plaintiff

---

[4] This document, as well as all each of the court documents cited in this Opinion from the *York I* and *York II* dockets, was not submitted to the Court as an exhibit; however, it is publicly available through the Northern District of New York's CM/ECF page.

[5] A "*Peralta* waiver" is a waiver of all claims relating to disciplinary sanctions affecting the duration of the plaintiff's confinement so that the plaintiff can proceed with due process claims challenging sanctions that did affect the conditions of confinement. *See Girard v. Cuttle*, No. 15-CV-0187, 2016 WL 1312052, at *1 (N.D.N.Y. Apr. 4, 2016) (citing *McEachin v. Selsky*, 225 F. App'x 36, 37 (2d Cir. 2007)).

filed another letter requesting clarification or appointment of counsel because he said he did not understand "what a *Peralta* waiver is." *Id.* (Dkt. No. 8.) The court denied this request and again advised Plaintiff it could not provide legal advice. *Id.* (Dkt. No. 10). On July 15, 2015, judgment was entered dismissing the case without prejudice. *Id.* (Dkt. No. 11). On August 14, 2015, Plaintiff filed a motion to temporarily withdraw all of his cases pending in the Northern District until he found an attorney, and arguing that *York I* and *York II* do not count as "strikes" because the former was withdrawn and the latter was dismissed because he did not know what a *Peralta* Waiver was. *Id.* (Dkt. No. 13). The court denied the motion as moot because judgment was already entered. *Id.* (Dkt. No. 14). Plaintiff filed another letter again alleging that he had "no strikes" because all cases were dismissed without prejudice or Plaintiff was permitted to amend. *Id.* (Dkt. No. 15). The court issued a text order that "Plaintiff is reminded that the Court has issued a Decision and Order . . . in this action and Judgment was entered." *Id.* (Dkt. No. 16.)[6]

The Second Circuit has not decided whether a dismissal of an action without prejudice for failure to state a claim qualifies as a strike under the three strikes rule. *See Campbell v. Nassau Cty. Sheriff Dep't of Corr.*, No. 14-CV-6132, 2017 WL 5513630, at *2–4 (E.D.N.Y. Nov. 16, 2017) ("Although the Second Circuit has not decided this issue, most other circuits to confront it have held that since § 1915(g) does not distinguish between dismissals with prejudice and those without, a strike results from any dismissal made on one of the three enumerated grounds."). However, the Court need not decide this issue of first impression because, even assuming that such dismissals qualify as strikes, that is not what occurred in *York I*.

---

[6] To the extent Plaintiff claims that he appealed the decision in *York II*, there is no notice of appeal filed on the Northern District's docket or record of such an appeal in the Second Circuit. (*See* Dkt., No. 15-cv-228).

The three strikes provision specifically applies to "an *action* . . . that was dismissed" on one of the enumerated grounds. § 1915(g) (emphasis added). In other words, a strike is derived from a district court's order of dismissal of the entire case, if not the resulting judgment itself. *See Coleman*, 135 S. Ct. at 1764 (explaining that a strike takes effect upon "a trial court's judgment"); *Jones v. Smith*, 720 F.3d 142, 146 (2d Cir. 2013) (explaining that "the most natural reading of the three strikes provision is that the term 'action or appeal' . . . is simply an abbreviated reference to the term 'civil action'"); *Harris v. City of New York*, 607 F.3d 18, 23–24 (2d Cir. 2010) (holding that, when assessing whether a prior case constitutes a strike, "district court[s] may rely on . . . docket sheets if they indicate with sufficient clarity that the prior suits were dismissed on" an enumerated ground, and citing orders of dismissal); *Deleon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004) (explaining that "orders of judgment [that] dispose of suits . . . may ultimately . . . qualify as strikes," and therefore "should clearly set forth the reasons for dismissal, including whether the dismissal is because the claim . . . fails to state a claim" and "whether the dismissal is with prejudice or without" (internal quotation marks omitted)); *McNair v. Kelly*, No. 13-CV-728, 2013 WL 4574247, at *2 (S.D.N.Y. Aug. 26, 2013) (explaining that partial dismissal for failure to state a claim does not count as a strike because "§ 1915(g) speaks of the dismissal of actions and appeals, not claims," and "[i]ndeed, it would make no sense to say—where one claim within an action is dismissed for failing to state a claim and another succeeds on the merits—that the action had been dismissed for failing to state a claim" (internal quotation marks omitted)); *Tafari v. Hues*, 539 F. Supp. 2d 694, 702 (S.D.N.Y. 2008) (holding that, "strikes should be imposed only when entire actions are dismissed for one of the stated reasons within [§] 1915(g)" and that "plaintiffs do not incur strikes for partial dismissals"); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016) ("We

9

assess a PLRA strike only when the case as a whole is dismissed for a qualifying reason under the Act." (internal quotation marks omitted)); *Tolbert v. Stevenson*, 635 F.3d 646, 651 (4th Cir. 2011) (holding that "§ 1915(g) requires that a prisoner's entire action or appeal be dismissed on enumerated grounds in order to count as a strike").

In *York II*, judgment was entered dismissing the case without prejudice—before Plaintiff filed his motion to withdraw the case. *York II* (Dkt. Nos. 11, 13). By contrast, in *York I*, the court dismissed most of Plaintiff's claims without prejudice and gave him 30 days to amend, (York I at 12–13); instead, Plaintiff filed a Rule 41(a)(1) motion for voluntary dismissal, and the court then entered an order voluntarily dismissing the case without prejudice, *York I* (Dkt. No. 8). Therefore, even assuming *York II*'s dismissal without prejudice for failure to state a claim counts as a strike, *York I*'s voluntary dismissal without prejudice—*not* for failure to state a claim or for any other enumerated basis in § 1915(g)—does not qualify as a strike. *Cf. Campbell*, 2017 WL 5513630, at *3 (noting that both of the prior dismissals resulted in judgment "ultimately entered dismissing the action on the basis of . . . failure to state a claim" and thus they counted as strikes "under the plain language of § 1915(g)"). This echoes the rulings of other courts, which have held that Rule 41(a)(1) dismissals cannot count as strikes. *See, e.g.*, *Abreu v. Kooi*, No. 14-CV-1529, 2016 WL 4702274, at *5 (N.D.N.Y. Aug. 4, 2016) ("While a dismissal pursuant to § 1915 for failure to state a claim may preclude a subsequent IFP action, the action [here] was not dismissed pursuant to § 1915, but rather was voluntarily withdrawn by [the] [p]laintiff pursuant to Fed. R. Civ. P. 41(a)." (citation omitted)), *adopted by* 2016 WL 4690404 (N.D.N.Y. Sept. 7, 2016); *see also Andrews v. Persley*, 669 F. App'x 529, 530 (11th Cir. 2016) (holding that "voluntary dismissal of an action pursuant to Rule 41(a)" does not count as a strike); *Howard v. Harris*, No. 13-CV-11004, 2014 WL 4102496, at *2 (S.D. W. Va. Aug. 18, 2014) (granting

10

motion for voluntary dismissal but noting that any "future claims that are improperly brought may be dismissed *with* prejudice if [the] [p]laintiff seeks to voluntarily dismiss his action only after he receives an unfavorable recommendation from a magistrate judge"). Defendants cite no cases to the contrary. Indeed, many courts have *declined to grant* motions for voluntary dismissal pursuant to Rule 41(a) out of concern that a pro se prisoner is attempting to evade the three strikes rule. As one district court explained:

> If a prisoner is allowed to dismiss his complaint without prejudice after he has been asked to amend the complaint because he failed to state a claim or after a magistrate judge has entered findings and conclusions which recommend summary dismissal of his complaint under §§ 1915, 1915A, or 1997e, the prisoner will not accumulate a "strike"; he will not have to weigh the merits of his complaint before filing because he can wait to let the court evaluate it for him; and he will be able to continue filing frivolous, malicious, and meritless complaints that unduly burden scarce judicial resources.

*Hines v. Graham*, 320 F. Supp. 2d 511, 527 (N.D. Tex. 2004); *see also Bennett v. Gregory*, No. 15-CV-0493, 2016 WL 454781, at *1 (M.D. Tenn. Feb. 5, 2016) (denying Rule 41(a) motion because a "[p]laintiff cannot avoid the operation of the PLRA . . . by stipulating to dismissal of his action *after* the issuance of" a decision recommending dismissal (alteration and internal quotation marks omitted)); *Burley v. Unknown Defendants*, No. 15-CV-143, 2015 WL 8212681, at *3 (S.D. Tex. Dec. 7, 2015) ("The [c]ourt finds that [the plaintiff] should not be permitted to use voluntary dismissal to avoid the accumulation of a strike under the PLRA."); *Walker v. Sec'y, Dep't of Corr.*, No. 12-CV-340, 2013 WL 8445033, at *1 (N.D. Fla. Oct. 10, 2013) (explaining that the right to "voluntary dismissal under rule 41(a)(1) is subject to the provisions in the PLRA relating to dismissal," which "means that a prisoner cannot unilaterally dismiss a case for the purpose of avoiding the entry of an order of dismissal and avoiding a strike against the plaintiff based upon the dismissal"); *but see Windham v. Franklin*, No. 16-CV-5888, 2018 WL 1626250, at *3 (C.D. Cal. Jan. 25, 2018) (finding that a dismissal under Rule 41(a)(1) still counted as a

11

strike because "it is the court's dismissal of the complaint for failure to state a claim, and the prisoner's subsequent failure to amend the complaint, that triggers the PLRA strike"), *adopted by* 2018 WL 1626256 (C.D. Cal. Mar. 22, 2018).[7]

Although the Court finds Plaintiff's conduct—repeatedly filing lawsuits and voluntarily withdrawing them once a court has already dismissed them without prejudice—disturbing and a potential subversion of the purpose of the three strikes rule, the solution lies with the district judges faced with Plaintiff's Rule 41(a) motions, or with Congress.[8] In this case, Plaintiff's Rule 41(a) motion was already granted in *York I*, and the action was dismissed voluntarily, without prejudice, on a ground not enumerated in § 1915(g). *York I* (Dkt. No. 8). Therefore, because

---

[7] The decision in *Windham* relies on certain precedents in the Ninth Circuit: (1) that the style of the dismissal or the procedural posture is immaterial, as long as the dismissal "rang the PLRA bells of frivolous, malicious, or failure to state a claim"; (2) that dismissals without prejudice are still strikes; and (3) that failure to file an amended complaint after dismissal with leave to amend is a strike. *See Windham*, 2018 WL 1626250, at *2 (internal quotation marks omitted) (citing *Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017); *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008)). By contrast, these propositions are from settled in the Second Circuit. *See Tafari*, 473 F.3d at 442 (explaining that "the label attached to the defect is of far less significance than whether the defect is remediable"); *Snider v. Melindez*, 199 F.3d 108, 111 (2d Cir. 1999) (noting that the "purpose[] . . . of the three strikes provision . . . strongly impl[ies] that the dismissal contemplated . . . is one that *finally* terminates the action because of a determination that it ultimately cannot succeed"); *McNair v. Kelly*, No. 13-CV-728, 2013 WL 4574247, at *1 (S.D.N.Y. Aug. 26, 2013) (collecting cases holding that "courts in this Circuit have declined to find that . . . a dismissal [for failure to prosecute] constitutes a strike").

[8] Plaintiff's pattern of conduct is evident in his numerous other filings in the Northern District. *See Morehouse v. Annucci*, No. 17-CV-698 (N.D.N.Y. Oct. 27, 2017) (Dkt. No. 10) (granting motion to voluntarily dismiss action in lieu of filing amended complaint); *id.* (Dkt. No. 9) (requesting that the court "not assess a 'STRIKE' against [him]"); *Morehouse v. York*, No. 15-CV-152 (N.D.N.Y. Jan. 15, 2016) (Dkt No. 28) (granting motion for voluntary dismissal without prejudice and denying the defendant's motion to revoke Plaintiff's IFP status as moot); *id.* (Dkt. No. 26 Ex. 2) (opposing Plaintiff's Rule 41(a) motion on grounds of his "undue vexatiousness" and listing Plaintiff's numerous other actions in the Northern District); *Morehouse v. Clifford,* No. 14-CV-1359, 2016 WL 51254, at *3 (N.D.N.Y. Jan. 4, 2016) (granting motion for voluntary dismissal without prejudice and denying motion to revoke IFP status as moot).

Plaintiff has not accumulated three strikes, Defendants' Motion To Revoke his IFP status is denied.[9]

### III. Conclusion

For the reasons explained above, Defendants' Motion To Revoke Plaintiff's IFP status is denied. Defendants are directed to file an Answer within 30 days of the date of this Opinion. The Court will then hold a conference on October 17, 2018 at 11:00 am.

The Clerk of Court is respectfully directed to terminate the pending Motion, (Dkt. No. 26), and to mail a copy of this Opinion to Plaintiff.

SO ORDERED

Dated: September 4, 2018
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

[9] Because Plaintiff has not accumulated three strikes, the Court need not consider Defendants' argument that Plaintiff does not satisfy the imminent danger exception. (Defs.' Mem. 7–8.)